B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Rudolph P. Prisco | US BANK N.A as trustee for MASTR Asset-bAcked Securities Trust ABI. 2005 |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Pro se. | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Validity and Extent of Lien and violation of Automatic Stay

RECEIVED & FILED

JUL 15 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability – §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>*Rudolph P Prisco* | BANKRUPTCY CASE NO.<br>*07-13408* | |
| DISTRICT IN WHICH CASE IS PENDING<br>*Northern District of New York* | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>*7/15/09* | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*Rudolph P. Prisco* | |

**RECEIVED & FILED**

## INSTRUCTIONS

JUL 15 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

United States Bankruptcy Court
Northern District of New York

_____

Rudolph P Prisco,
           Debtor
SS#: XXX-XX-4930
In Re: Rudolph P Prisco,
           Debtor

Against

US BANK, NA as Trustee for MASTR ASSET-BACKED
SECURITIES TRUST 2005-AB1 as **Assignee** of
Wells Fargo Bank, NA, its successors and Assignee's

           Creditor(s)

Chapter 13
Case No: 07-13408
Adversary #:_____
Hearing Date:_____
Time:_____
James T. Foley Court House
COMPLAINT

RECEIVED & FILED

JUL 1 5 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

## DEBTOR COMPLAINT FOR AN ADVERSARY ACTION TO DETERMINE THE VALIDITY AND EXTENT OF LIEN HELD BY US BANK, NATIONAL ASSOCIATION AND FOR VIOLATION OF THE AUTOMATIC STAY.

1. I Rudolph P Prisco, Debtor Pro Se hereby submit the following as my complaint against the creditor above referenced.

2. The debtor filed his Chapter 13 Petition and Plan on December 12, 2007.

3. The above referenced creditor became the owner by assignment of the alleged lien held by Wells Fargo Bank, NA.  The assignment was made on March 12, 2009 and was filed with the Saratoga County Clerk on April 7, 2009.  **Please see Exhibit "1".**

4. Wells Fargo Home Mortgage is a creditor identified as a secured creditor within the debtors schedules and his Chapter 13 Plan.  Wells Fargo Bank, NA filed a Claim and also filed an objection to debtors original plan.

5. Wells Fargo Bank upon agreement made between the debtor and the court agreed to withdraw its claim and objection to the original plan.  The debtor upon resolution of all outstanding pre-confirmation issues amended his plan on June 23,

1

2008 to address such resolutions. This plan was confirmed orally on August 7, 2008 and by court order on September 23, 2008. No objections were made to the debtors plan. **Please See EXHIBIT "3".**

6. Wells Fargo was directly included in the debtors June 23, 2008 Plan. The creditor did not object.

7. At the time of verbal confirmation on August 7, 2008 and at the time of the courts signing of the Confirmation Order on September 23, 2008, the creditors claim remained on file.

8. Per rule 3006 a noticed motion was due to the debtor and trustee as the creditor failed to withdraw its claim prior to confirmation of the June 23, 2008 Plan.

9. The creditors claim intentionally remained active in the case, it was only illegally withdrawn after having another change of heart following receipt of the debtors confirmation order and debtors explicit written complaints. Nevertheless a Noticed Motion was due and the debtor and trustee have been disadvantaged by the illegal withdrawal and as such the claim and the creditor remained a part of the entire bankruptcy.

10. On October 8, 2008, the creditor did submit an ex parte letter to the court advising it was withdrawing its claim. This withdrawal letter was not forwarded or copied to the debtor and Trustee. Following confirmation of the June 23, 2008 Plan, the creditor had to file a Noticed Motion. This was not done. The Conditional Order itself was not enough to withdraw its claim, especially once the June 23, 2008 plan was filed and confirmed. The debtor would have objected at this point to withdrawing its Claim as he was having serious accounting and disagreements as

to what was covered in the modification. The debtor contends no authorization was given to include additional money in the modification to fund P&I clear through to October 2008 and half of November 2008, nor was authorization given to include funds sufficient to fund an escrow account several years into the future, which included any pre-petition escrow shortages. In fact the debtor never received any disclosures what so ever of the charges and fees associated with this so called modification. The lack of disclosures include any type of closing statement, escrow shortage notices, escrow account funding, interest and other fees or the right to rescind. Further the actual security instrument Wells Fargo Bank filed does not appear to be the same as what I signed the creditor appears to have filed an unoriginal and altered security instrument which leads debtor to believe he was duped into a cash out refinance and misled to believe the mortgage was a federally involved loan. The debtor has tried to no end to resolve this matter with Wells Fargo and their attorney and all they do is ignore and stall. This debtor has had enough.

11. The conditional Order of June 5, 2008 allowed Wells Fargo Bank, NA to enter into the proposed mortgage modification and all acts were authorized to complete such modification, which included perfection of the Modification Agreement.

12. The debtor entered into the Mortgage Modification agreement on June 30, 2008 and the creditor accepted by signature the modification on July 2, 2008. **Please see Exhibit "2"**.

13. 11 U.S.C. 547(a)(2)(a) provides for thirty days (30) from the date of execution to the date of perfection. Following the thirty day period to perfect its interest would

require leave from the court.

14. The debtor sent and the Trustee received the final payment due under the Chapter 13 Plan on February 5, 2009.

15. On the date of filing of the petition December 12, 2007 there existed two liens on the debtors residence they are as follows:

> A. The First Mortgage Lien in the amount of $205,000 in favor of Wells Fargo Bank, NA dated May 26, 2005 and signed by the debtor on the same date and which was filed with the Saratoga County Clerk on June 9, 2005 Volume 03853 Page 00372

> And

> B. The Second Mortgage Lien of First New York Federal Credit Union Dated March 9, 2006 and which was recorded with the Saratoga County Clerk on March 27, 2006 in Liber 4086 mp. 759.

16. The lien addressed in 15(b) above was avoided under a Pond Motion in 2007.

17. The only lien on record from the date of filing the petition until the date the last payment was made under the plan was that stated in 15(a) above. However on June 30, 2008 that lien became valued at ZERO and remained as ZERO throughout the debtors plan.

18. The Modification Agreement clearly states that it "amends and supplements" the original security instrument. The Modification is the new security instrument which is the only basis to collect from the debtor or against the lien.

19. The creditor did not file its lien until February 13, 2009 some 277 days following the execution thereof and in direct violation of 11 U.S.C. 547(a)(2)(a), which states a timeframe for perfecting a security instrument.

20. Because the code only allows 30 days in which to perfect its security interest and

4

the conditional order did not authorize anything contrary to the code, the creditor also violated 11 U.S.C. 362 the automatic stay when it filed the modification with the Saratoga County Clerk on February 13, 2009 without leave from the court and further violated the automatic stay when the assignment of a zero valued lien was made to US BANK and such was filed on April 7, 2009 another violation of the automatic stay.

21. The debtors plan which was confirmed by order on September 23, 2008 stated:

"D. A first Mortgage Lien held by Wells Fargo Home Mortgage, taken in June 2005 for debtors primary residence, all claims have been withdrawn, due to an approved mortgage modification. The debtor shall make monthly payments outside the plan in accordance with the mortgage modification terms".

22. The debtor on December 2, 2008 filed a Motion to Incur Expenses for Health Insurance and to Modify his Plan Post Confirmation.

23. Wells Fargo Bank, NA, the original holder was served with the full plan and motion for both the June 23, 2008 and the December 2, 2008 Plan as well as confirmation orders for each. The debtor also served the lenders attorney via certified mail of the post confirmation proposed modification.

24. The Debtors December 2, 2008 Plan stated: "D A First Mortgage Lien held by Wells Fargo Home Mortgage, taken in June 2005 for debtors primary residence. Debtor cured the default and all claims have been withdrawn and will not survive this bankruptcy. The debtor will continue to make payments outside the plan".

25. The Debtors Chapter 13 Plans allowed per code the curing of the arrears. The Creditor was included in the plan and participated in the Bankruptcy Throughout the process. The debtor was in full default the date of Bankruptcy as such the entire lien was in default. The Modification cured the defaulted lien. Although the debtor did not make payments through the plan, that is not relevant as code

permits for alternative repayment or curing methods as long as its acceptable with the secured creditor and in this case it was and its incorporated into the plan in this case it also was.

26. Upon completion of all the plan payments on February 5, 2009 the lien on file against his residence was unenforceable due to the modification as the new security instrument was not perfected as such the lien on file was unenforceable as it was valued at zero. As such a lien release is due.

27. Because the alleged modification was filed after the 30 days in which code permitted and only filed after the last payment under the plan, the creditor violated the automatic stay and such act is void.

The debtor seeks a court order suitable for filing deeming the lien filed on June 9, 2005 as cured to a value of ZERO and therefore is avoided and the debtor seeks a further order vacating the filing of the February 13, 2009 security instrument as it was done in violation of the automatic stay and also an order vacating the filing of the assignment filed on April 7, 2009.

Respectfully Submitted this 15th day of July 2009.

_____
Rudolph P Prisco, Debtor Pro Se

EXHIBIT "1"

Assignment of Mortgage from Wells Fargo Bank, NA to US BANK, NA



# SARATOGA COUNTY – STATE OF NEW YORK
## KATHLEEN A. MARCHIONE, COUNTY CLERK
### 40 MCMASTER STREET, BALLSTON SPA, NY 12020

**COUNTY CLERK'S RECORDING PAGE**
**\*\*\*THIS PAGE IS PART OF THE DOCUMENT – DO NOT DETACH\*\*\***



| Recording: | |
|---|---|
| Pages | 5.00 |
| Cover Sheet Fee | 5.00 |
| Recording Fee | 20.00 |
| Names | 0.50 |
| Markoffs | 0.50 |
| Education Fee | 20.00 |
| Sub Total: | 51.00 |
| Total: | 51.00 |

\*\*\*\* NOTICE: THIS IS NOT A BILL \*\*\*\*

RECEIPT NO. : 2009211547896

Clerk:     DG
Instr #:   2009011227
Rec Date:  04/07/2009 01:17:14 PM
Doc Grp:   R
Descrip:   ASSIGNMENT
Num Pgs:   2

Party1:  WELLS FARGO BANK
Party2:  U S BANK NATIONAL ASSOCIATION AS TRUSTEE

*Richard Davis Pres & CEO*
*800 Nicollet Mall*
*Minneapolis, Mn 55402*

Record and Return To:

FRONTIER ABSTRACT AND RESEARCH SERVICES INC
30 W BROAD ST STE 100
IRVING PLACE/OLD CITY HALL
ROCHESTER NY 14614

*585-955-6111*

2009211547896

**2009011227**
04/07/2009   01:17:14 PM
2 Pages                    RECORDED
ASSIGNMENT

Loan # 0144719341-708

Kathleen A Marchione Saratoga Co Clerk

## *ASSIGNMENT OF MORTGAGE*

County of **SARATOGA**, State of New York

Assignor: **Wells Fargo Bank, N.A., 1200 West Parkland Ave., Milwaukee, WI 53224**

Assignee: **U.S. Bank National Association, as Trustee for MASTR Asset-Backed Securities Trust 2005-AB1, 180 East 5th St., St. Paul, MN 55101**

Original Lender: **Wells Fargo Bank, N.A.**

Mortgage made by RUDOLPH P. PRISCO, dated **the 26th day of May, 2005** in the amount of **Two hundred and five thousand dollars ($205,000.00)** and interest, recorded on **the 9th day of June, 2005** in the Office of the Clerk of the County of **SARATOGA at Book 3853 of Mortgages at Page 372.**

This said mortgage has not been otherwise assigned.

Property Address: 19 MANCHESTER DRIVE, CLIFTON PARK, NY 12065
SBL # 278.14-2-65

Know that All Men By These Present in consideration of the sum of One and No/100th Dollars and other good valuable consideration, paid to the above Named assignor, the receipt and sufficiency of which is hereby acknowledged the Said Assignor hereby assigns unto the above named Assignee the said Mortgage, Together with all moneys now owing or that may hereafter become due or owing in Respect thereof, and the full benefit of all the powers and of all the covenants and Provisions therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

*TO HAVE AND TO HOLD* the said Mortgage and Note, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage and Note.
*THIS* Assignment is not subject to the requirement of Section 275 of the Real Property Law because it is within the secondary mortgage market.
*IN WITNESS WHEREOF*, the Assignor has caused these presents to be signed by its duly authorized officer this 12th day of March, 2009.

*IN PRESENCE OF*

Wells Fargo Bank, N.A.



BY: _____
Herman John Kennerty, VP of Loan Documentation

State of South Carolina
County of York   ss:
On this 12th day of March, 2009, before me, the undersigned, a notary public in and for said state, personally appeared Herman John Kennerty, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument and that such individual made such appearance before the undersigned in the Fort Mill, South Carolina. *(Insert city or political subdivision and state or other place acknowledgment taken--- if acknowledgment is taken outside of New York State)*

_____
Notary Public

**OFFICIAL SEAL**
Notary Public
State of South Carolina
CHRISTEL RIVERS
My Commission Expires August 3, 2016



**FRONTIER**
ABSTRACT AND RESEARCH SERVICES, INC
30 W. BROAD STREET SUITE 100
IRVING PLACE / OLD CITY HALL
ROCHESTER, NY 14614
716-955-6111

EXHIBIT "2"
Alleged Modification Agreement Signed by debtor on June 30, 2008

2009211536413

2009004299
02/13/2009  10:08:37 AM
6 Pages          RECORDED
MORTGAGE

Kathleen A Marchione Saratoga Co Clerk

**PREPARED BY:**
**THARY YIN**
✗ ✗ **WELLS FARGO BANK, N.A.**
**3476 STATEVIEW BLVD, MAC# X7801-03K**
**FORT MILL, SOUTH CAROLINA 29715**

*When Recording Return To:*
AE

First American Title Company
P.O. Box 27670            403958₆
Santa Ana, CA 92799
Attn: Loss Mitigation Title Services

**Tax Parcel No.: 278.14-2-65**

_____ [Space Above This Line for Recording Data] _____

**Original Recorded Date:** JUNE 9, 2005                **Fannie Mae Loan No.:** 0144719341
**Original Principal Amount:** $   205,000.00           **Loan No.:** 7080144719341

# LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this **13TH** day of **JUNE, 2008**
between   **RUDOLPH P. PRISCO** ✗

("Borrower") and **WELLS FARGO BANK, N.A.** ✗ ✗

("Lender"),

amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), and
Timely Payment Rewards Rider, if any, dated **MAY 25, 2005**                                  and recorded in
**Book or Libor 3853, at page(s) 372**                            , of the **Official**    Records of
      # 205,000 —                                                          (Name of Records)
**SARATOGA COUNTY, NEW YORK**                            , and (2) the Note bearing the same date as, and
      (County and State, or other jurisdiction)
secured by, the Security Instrument, which covers the real and personal property described in the Security
Instrument and defined therein as the "Property", located at

✗ **19 MANCHESTER DRIVE, CLIFTON PARK, NEW YORK 12065**
                              (Property Address)

LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument    Form 3179 1/01 (rev. 6/06)    *(page 1 of 5)*
Modified by First American Loan Production Services                                                          **NEW YORK**
First American Real Estate Solutions LLC
FALPS# NYFM3179 Rev. 04-17-08

the real property described being set forth as follows:

**ALL THAT CERTAIN LOT OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE TOWN OF HALFMOON, COUNTY OF SARATOGA AND STATE OF NEW YORK, BEING LOT NO. 71 AS SHOWN ON A MAP OF "NORTH WOOD SECTION 2A AND 2B" DATED MARCH 9, 1964 AND FILED IN THE SARATOGA COUNTY CLERK'S OFFICE JUNE 30, 1964, MADE BY PAUL R. KNIPPEL, C.E. AS MAP EE-100.**

*PROPERTY IS OR WILL BE IMPROVED BY A ONE OR TWO FAMILY DWELLING ONLY*

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.  As of **AUGUST 1, 2008**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $ **230,745.53**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized. *NEW $ 29677.41 unpaid principal $ 201068.12*

2.  Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **7.500** %, from **AUGUST 1, 2008**. Borrower promises to make monthly payments of principal and interest of U.S. $ **1,664.66**, beginning on the **1ST** day of **SEPTEMBER, 2008**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **7.500** % will remain in effect until principal and interest are paid in full. If on **JULY 01, 2035** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument    Form 3179 1/01 (rev. 6/06)    *(page 2 of 5)*
Modified by First American Loan Production Services    NEW YORK
First American Real Estate Solutions LLC
FALPS# NYFM3179-2 Rev. 04-17-08

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Borrower has no right of set-off or counterclaim, or any defense to the obligations of the Note or Security Instrument.

(d) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(e) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(f) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

6. This Agreement modifies an obligation secured by an existing security instrument recorded in SARATOGA County, NEW YORK , upon which all recordation taxes have been paid. As of the date of this Agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $ 201,068.12 . The principal balance secured by the existing security instrument as a result of this Agreement is $ 230,745.53 , which amount represents the excess of the unpaid principal balance of this original obligation.

WELLS FARGO BANK, N.A.

_____ (Seal)
Name: - Lender
Its:

_____ (Seal)
RUDOLPH P. PRISCO - Borrower

_____ (Seal)
- Borrower

_____ (Seal)
- Borrower

_____ (Seal)
- Borrower

_____ (Seal)
- Borrower

_____ (Seal)
- Borrower

[Space Below This Line for Acknowledgments]      **7080144719341**

## BORROWER ACKNOWLEDGMENT

State of New York
County of Saratoga

On June 30, 2008                before me,
personally appeared
**RUDOLPH P. PRISCO**

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Katherine A. Hafensteiner_

Printed Name _Katherine A. Hafensteiner_

KATHERINE A. HAFENSTEINER
Notary Public, State of New York
No. 01HA6151207
Qualified in Saratoga County
My Commission Expires 08/14/2010

## LENDER ACKNOWLEDGMENT

State of SOUTH CAROLINA
County of YORK

On 7/28/08                before me, ROBERT A. MCBRIDE
personally appeared DOROTHY REPPH                , the VP
of LOAN DOCS FOR WELLS FARGO

a                                         , on behalf of said entity,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

Printed Name ROBERT A. MCBRIDE

(Seal)

ROBERT A. MCBRIDE
COMM. EXPIRES
NOTARY
PUBLIC
10-31-13
YORK COUNTY, SC
NEW YORK

LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument      Form 3179 1/01 (rev. 6/06)
Modified by First American Loan Production Services
First American Real Estate Solutions LLC
FALPS# NYFM3179-5  Rev. 04-17-08

EXHIBIT "3"
Conditional Order of June 5, 2008

**SO ORDERED.**

**SIGNED this 05 day of June, 2008.**

_____
**ROBERT E. LITTLEFIELD, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:                                              <u>**CONDITIONAL ORDER**</u>

RUDOLPH P PRISCO                                    Case No.: 07-13408-rel
AKA RUDY PRISCO                                     (Chapter 13)

                 Debtor.

WELLS FARGO BANK, N.A., a Secured Creditor of Debtor, ("Secured Creditor") having moved this Court for an Order terminating the automatic stay as to Secured Creditor's interest in the premises commonly known as 19 MANCHESTER DRIVE, CLIFTON PARK, NY 12065 ("Mortgaged Premises") of which Rudolph P. Prisco, ("Debtor") is the record owner, and

This default motion having been brought by the Secured Creditor and papers having been submitted by Steven J. Baum, P.C., attorneys for Secured Creditor, in support of this motion, and no opposition having been submitted by ANDREA E. CELLI, ESQ., the Chapter 13 Trustee, by the U.S. Trustee or by RUDOLPH P.

PRISCO, the pro se Debtor, therefore no hearing having been held, and the terms of this Conditional Order having been negotiated by and between the pro se Debtor and counsel for Secured Creditor, and due deliberation having been had, now

Upon Reading and Filing of the Notice of Motion, the Application of Secured Creditor dated the 2nd day of May, 2008, and proof of service upon all necessary parties, upon motion of Steven J. Baum, P.C., it is hereby

ORDERED, that the automatic stay is hereby terminated as to Secured Creditor's interest in the Mortgaged Premises for the limited purpose of entering into the proposed loan modification proposed in the letter dated February 26, 2008, a copy of which is attached to this Order as Exhibit "A"; and it is further

ORDERED, that the Secured Creditor is permitted to take such steps as are necessary to enter into the proposed loan modification; and it is further

ORDERED, that should there be default by the Debtor in timely making payments after entry into force of the loan modification, the Secured Creditor shall send to the Debtor a notice of default for the first three (3) instances of default, requiring payment of the default within ten (10) days of the date the notice of default is sent and, upon Debtor's failure to cure a notice of default within the ten (10) days, or on a fourth (4th) instance of default, the automatic stay as to Secured Creditor's interest in the Mortgaged Premises is terminated upon submission and signature of an ex-parte Order; and it is further

ORDERED, that the Secured Creditor's objection to the Debtor's proposed Chapter 13 Plan will be satisfied by entry into force of the loan modification, and the Secured Creditor hereby withdraws its objection to the proposed Chapter 13 Plan and its proof of claim; and it is further

ORDERED, that should the loan modification not enter into force, the Secured Creditor shall be permitted to file a proof of claim with notice to the Debtor, and, if within thirty (30) days of such notice having been sent to

the Debtor, the Debtor has not objected to the proof of claim, the Debtor shall amend his Chapter 13 Plan to account for the proof of claim.

###

_____
Rudolph P. Prisco, *pro se*