United States Bankruptcy Court
Northern District of New York

---

Rudolph P Prisco, Debtor Pro Se

Chapter 13
Case Number: 07-13408

---

Rudolph P Prisco,
   PLAINTIFF
v.

US BANK, NA as Trustee for MASTR ASSET-BACKED
SECURITIES TRUST 2005-AB1 as Assignee of Wells
Fargo Bank, NA its Successors and Assignee's,
   DEFENDANT

Adversary: 09-90083
Hearing Date: 9/3/09
Hearing Time: 9 A m

---

PLAINTIFF'S MOTION TO DISQUALIFY THE STEVEN J. BAUM PC LAW FIRM FROM REPRESENTING DEFENDENANT DUE TO SUBSTANCIAL RELATIONSHIP BETWEEN DEFENDANT AND WELLS FARGO BANK, NA AND PLAINTIFFS MOTION TO STRIKE ANY PLEADINGS PRESENTED BY DEFENDANT THROUGH THE STEVEN J. BAUM PC LAW FIRM AND REQUEST FOR DEFAULT JUDGMENT OF ADVERSAY COMPLAINT.

I Rudolph P Prisco, Plaintiff Pro Se in the above referenced adversary proceeding hereby state for my application and in support thereof the following.

1. The above referenced adversary proceeding was commenced by the Plaintiff filing his complaint and service of same with summons via certified mail to the CEO and President of the Defendant Bank as per the docketed affidavit of service.

2. On Wednesday August 13, 2009 the Plaintiff received a telephone call from Brian J. Grieco, Esq. Attorney Grieco purported to be representing the Defendant in this action. The Plaintiff and Attorney Grieco conversed and came up with a game plan to facilitate the amending of Plaintiffs Complaint and allowing substantially more time for an answer. The Plaintiff agreed in substance to consider a stipulation to be submitted to the court. The following Day Thursday August 14, 2009 Attorney Grieco forwards via email the proposed stipulation. It was reviewed and the Plaintiff did print and sign and returned

directly via US Mail as it was only New York City and based upon past experience it only takes one day.

3. Due to a personal family emergency the Plaintiff was unable to learn that there was an error in the Case Number of the Stipulation and a new one had to be done. He executed and returned the one with the wrong case number, a mere typo as the case was easily identifiable.

4. Per the terms of the stipulation agreement there was to be a period to file an amendment to the complaint and that avenue was cut off by an early response from the Defendant. He cooperated in good faith yet his right was cut off to amend.

5. The Plaintiff has concerns over the appropriateness of Defendant being represented by the Baum Firm. There appears to be serious conflict of interest and numerous ethical concerns leading to suspicion of collusion and cover-up and such would deprive the Plaintiff to a fair trial and discovery.

6. The Plaintiff understands why a response had to be filed as the code dictated same. However it should not have come from the Baum Firm. The Defendant has a choice of attorneys. The defendant retained Mr. Grieco. It is not the debtors fault the attorney they chose to retain is not admitted to practice before this Court and the plaintiff should not be prejudiced from a fair trial.

7. The Plaintiff asks the court to consider the actual response the Defendant filed. It is apparent they had access to the files and chose what to acknowledge and what not too by denying knowledge of some things but not others.

8. Because the Steven J. Baum PC Law Firm should not be allowed to participate and should have not filed the response and may not actually have a retainer or authority to file

such response that response should be stricken and the Plaintiff be granted an order by default of the requests in his complaint.

Therefore the Plaintiff seeks an immediate order directing the disqualification of the Steven J. Baum PC Law Firm from otherwise participating as the council of record regarding this matter and further order striking the Defendants Reply and an Order granting the Plaintiffs complaint.

Respectfully Submitted this 19th day of August 2009.

_____
Rudolph P Prisco Debtor Pro Se
19 Manchester Dr.
Clifton Park, NY 12065
(518) 952-7953