UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 13 |
| RUDOLPH P. PRISCO, | Case No. 07-13408 |
| Debtor. | |

---------------------------------------------------------------

| | |
|---|---|
| RUDOLPH P. PRISCO, | |
| Plaintiff, | Adv. No. 09-90083 |
| v. | |

US BANK, NA as Trustee for MASTR
Asset-Backed Securities Trust
2005-AB1, as Assignee of Wells
Fargo Bank, NA, its successors and assignees,

                              Defendant.
---------------------------------------------------------------

APPEARANCES:

Rudolph P. Prisco, *Pro Se*
*Debtor/Plaintiff*
19 Manchester Drive
Clifton Park, NY 12065

Hogan Lovells US LLP                     David Dunn, Esq.
*Attorneys for Defendant*                Nicole E. Schiavo, Esq.
875 Third Avenue
New York, NY 10022

Hon. Robert E. Littlefield, Jr., Chief United States Bankruptcy Judge

### MEMORANDUM-DECISION & ORDER

Rudolph P. Prisco ("Plaintiff"), *pro se*, commenced the instant adversary proceeding to

determine the validity and extent of the mortgage lien held by U.S. Bank, N.A. ("Defendant")

and for a declaration that the Defendant violated the automatic stay under 11 U.S.C. § 362.[1]

Currently before the court is Plaintiff's Motion to Strike Defendant's Answers and Request for

Default Judgment.[2]

---
[1] Unless otherwise noted, all statutory references herein are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

## JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), 157(b)(2)(K), and 1334.

## FACTS & PROCEDURAL HISTORY

Plaintiff filed a voluntary Chapter 13 petition along with related schedules and statements on December 12, 2007.  (Case No. 07-13408 ("Main Case"), No. 1.)  Plaintiff listed his residence located at 19 Manchester Drive, Clifton Park, New York as an asset on Schedule A of the petition.  (*Id.*)  Schedule D indicates that at the time of filing Wells Fargo held a fist mortgage lien against the Plaintiff's residence.  (*Id.*)  Wells Fargo timely filed a secured proof of claim in the amount of $222,611.37, with pre-petition arrears of $21,429.83.  (Main Case, Claim No. 9.)

Steven J. Baum, PC (the "Baum Firm") filed a motion for relief from the automatic stay on behalf of Wells Fargo due to the Debtor's alleged post-petition mortgage payment defaults.  (Main Case, No. 43.)  Pursuant to the terms of a Conditional Order entered with the consent of the parties on June 5, 2008, the automatic stay was terminated to allow Wells Fargo and the Debtor to pursue a loan modification agreement.  (Main Case, No. 62.)  A loan modification agreement dated June 13, 2008 was executed by the parties and recorded in the Saratoga County Clerk's Office on February 13, 2009 (the "Modification Agreement").   (Compl. (No. 1) Ex. 2.)  The Modification Agreement indicates it amends and supplements the Plaintiff's mortgage dated May 25, 2005.  (*Id.*)  After the Modification Agreement was executed, Wells Fargo withdrew its proof of claim (Main Case, No. 71), and the Plaintiff amended his plan prior to confirmation to provide that:

---

[2] The Motion, as filed, is captioned "Plaintiff's Motion to Disqualify the Steven J. Baum Law Firm From Representing Defendant Due to Substantial Relationship Between Defendant and Wells Fargo Bank, NA and Plaintiff's Motion to Strike Any Pleadings Presented by Defendant Through the Steven J. Baum P.C. Law Firm and Request For Default Judgment of Adversary Complaint." (No. 6.)

> A first Mortgage lien held by Wells Fargo Home Mortgage, taken in June 2005 for debtors [*sic*] primary residence, all claims have been withdrawn, due to an approved mortgage modification.  The debtor shall make monthly payments outside the plan in accordance with the mortgage modification terms.

(Main Case, No. 63).  Plaintiff's amended plan was confirmed by order entered September 23, 2008.  (Main Case, No. 70.)  By assignment dated March 12, 2009, and recorded in the Saratoga County Clerk's Office on April 7, 2009, Wells Fargo assigned the Plaintiff's mortgage to Defendant.  (Compl. Ex. 1.)

Plaintiff completed all payments to the Chapter 13 trustee as required under his confirmed plan.  On September 11, 2009, the trustee filed her Final Report and Account (Main Case, No. 152) and, on October 2, 2009, the Debtor filed his Affidavit Demonstrating Entitlement to Chapter 13 Discharge (Main Case, No. 156).  At about the time he completed his plan, Plaintiff commenced this proceeding with the filing of the Complaint on July 15, 2009. The summons was issued the same day.  Plaintiff seeks an order deeming the balance of his mortgage $0 and, thus, avoided, and vacating the Modification Agreement and the Assignment on the theory that they were filed in violation of the automatic stay.  The Baum Firm filed an Answer to the Complaint (the "First Answer") on behalf of Defendant on August 14, 2009.  (No. 4.)  Meanwhile, on or about August 13, 2009, Plaintiff signed a stipulation extending Hogan Lovells US LLP's[3] time to answer the Compliant on behalf of Defendant until September 14, 2009.  (No. 5.)  Shortly thereafter, on August 19, 2009, Plaintiff filed his current motion. Originally, the motion also sought to disqualify the Baum Firm from representing Defendant based upon its prior representation of Wells Fargo in the Plaintiff's underlying Chapter 13 case. In response to that portion of the motion, an Interim Order was entered in accordance with the

---

[3] During the pendency of this adversary proceeding, Hogan & Hartson LLP changed its name to Hogan Lovells US LLP.

terms agreed to on the record on September 3, 2009.  The Interim Order provides, in part, as

follows:

> ORDERED, that [Hogan Lovells] is herby substituted for Steven J. Baum, P.C. as counsel for the defendant, US Bank, NA . . . and it is further
>
> ORDERED, that [Hogan Lovells'] time to answer on behalf of the Defendant is hereby extended to, and including, September 14, 2009; and it is further
>
> ORDERED, that any answer submitted by [Hogan Lovells] on behalf of the Defendant be served upon the Plaintiff so as to be received by the Plaintiff on or before September 14, 2009; and it is further
>
> ORDERED, that upon service of the answer by [Hogan Lovells], the Answer filed by Steven J. Baum, P.C. on August 14, 2009 shall be deemed moot and withdrawn accordingly . . . .

(No. 11.)

The balance of the Plaintiff's motion was adjourned.  In the interim, Hogan Lovells filed

an Answer to the Complaint (the "Second Answer") on behalf of Defendant on September 11,

2009 (No. 12.) and caused it to be delivered to the Plaintiff the same day (No. 14.)

Following the parties' oral arguments on October 29, 2009, the court entered a briefing

order directing the parties to file a joint stipulation of facts and memoranda of law in support of

their positions.  After the record was closed, Plaintiff filed a motion for an order permitting him

to further supplement the record with the loan documents executed in connection with his

mortgage loan with Wells Fargo to evidence that the mortgage was not executed in connection

with the purchase of his residence, as alleged by Defendant's counsel, but rather in connection

with the refinancing of his prior mortgage.  By order entered on June 25, 2010, the court

indicated that it would consider the additional submissions by the Plaintiff and the Defendant's

reply.  (No. 41.)  This matter was then ripe for consideration.

## ARGUMENTS

As regards the portion of the motion seeking to strike Defendant's answers, Plaintiff contends that the First Answer, filed by the Baum Firm, is sufficiently objectionable such that it may be sticken from the record. [4]  Plaintiff takes exception with the timeliness of the First Answer on the theory that the Baum Firm was not retained by the Defendant, but rather by Wells Fargo.  In addition, he avers that the First Answer was not filed in good faith, because the Baum Firm did not provide evidence of its authority to file an answer on Defendant's behalf pursuant to Federal Rule of Bankruptcy Procedure (Fed. R. Bankr. P.) 9010(c).  Plaintiff continues to challenge the Baum Firm's representation of Defendant based upon allegations that the Baum Firm unethically possesses an unfair advantage based upon the knowledge it acquired in its representation of Wells Fargo in his underlying Chapter 13 case, and its "substantial relationship" with Wells Fargo and Defendant.

As regards Plaintiff's request for a default judgment, he asserts that the facts presented establish "special circumstances," whereby the striking of the Second Answer and entry of a default judgment is the only appropriate legal remedy.  Plaintiff contends that Defendant, through Hogan Lovells, failed to timely file the Second Answer.  Plaintiff argues that Hogan Lovells were aware of the adversary proceeding prior to the issuance of the Interim Order and, thus, were obligated to have appeared on behalf of Defendant before the Interim Order was issued.

---

[4] The Court appreciates that "proceeding *pro se* does not relieve a plaintiff from satisfying the usual pleading requirements." *Strachova v. Metro. Museum of Art*, 98 Civ. 8505. 1999 WL 566305, at *6 (S.D.N.Y. Aug. 3, 1999), *aff'd*, 208 F.3d 204 (2d. Cir. 2000).  However, because Plaintiff is proceeding *pro se*, "we hold [him] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  While it would be improper for the court to act as Plaintiff's attorney in constructing arguments and searching the record, the court "must construe *pro se* pleadings broadly, and interpret them 'to raise the strongest arguments that they may suggest.'"  *Cruz v. Gomez*, 202 F.3d 593, 597 (2d. Cir. 2000) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

Defendant responds that Plaintiff's request to strike its answers should be denied.

Defendant argues that any issue relating to the Baum Firm has been rendered moot by the terms

of the Interim Order.  Defendant asserts further that, even if Plaintiff's argument is not moot, the

Baum Firm's representation of Defendant was proper because Fed. R. Bankr. P. 9010(c) is not

applicable where an attorney is acting on behalf of a client.  Defendant also argues that Plaintiff

lacks any basis for his "substantial relationship" claim, because Plaintiff agreed to a substitution

wherein Hogan Lovells took over representation of Defendant in this adversary proceeding.

  With respect to Plaintiff's demand for a default judgment, Defendant states that the

Second Answer was timely filed and that Hogan Lovells had no obligation to appear in this

action before the issuance of the Interim Order.  Finally, Defendant contends that Federal Rule of

Civil Procedure (Fed. R. Civ. P.) 55 does not provide "special circumstances" under which a

default judgment may be granted.

## DISCUSSION

## I.    Motion to Strike

Fed. R. Civ. P. 12(f), made applicable to bankruptcy proceedings by Fed. R. Bankr. P.

7012(b), states:

> The court may strike from a pleading an insufficient defense or any redundant,
> immaterial, impertinent, or scandalous matter.  The court may act:
>
> (1) On its own; or
> (2) On motion made by a party either before responding to a pleading or, if a
>     response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

Motions to strike are generally disfavored and often are denied, unless the pleading has

no relation to the controversy and is unduly prejudicial.  *In re Kids Creek Partners,* Case No. 95-

A-00158, Adv. No. 94-B-23947, 1997 WL 97122, at *3 (Bankr. N.D.Ill. Feb. 28, 1997)

6

(citations omitted); s*ee Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 336

(Bankr. S.D.N.Y. 1999) (citation omitted) (a motion to strike a portion of a pleading should be denied

unless it can be shown that no evidence in support of the allegation would be admissible).  The burden

of proof on a motion to strike a pleading is on the movant, who must meet the burden by a

preponderance of the evidence standard.  *In re EBP, Inc.*, 171 B.R. 601, 603 (Bankr. N.D. Ohio

1994).  The court finds that the Plaintiff has failed to carry his burden.

### A.      *The Interim Order Moots Any Claim Regarding the First Answer*

The Plaintiff is not asserting that any particular part of the First Answer should be

stricken based upon any insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter; instead, Plaintiff seeks to strike the entire First Answer to pave the way for

his request for a default judgment.  Plaintiff's grounds for relief are two-fold: first, the First

Answer was not filed in good faith because the Baum Firm lacked authority to act on

Defendant's behalf; and second, the Baum Firm acted unethically in its representation of

Defendant, because it had a "substantial relationship" with Wells Fargo.  The court, however,

previously addressed both these concerns in the Interim Order by directing that the Baum Firm

be removed as counsel for the Defendant and Hogan Lovells substituted in its place and deeming

the First Answer filed by the Baum Firm withdrawn upon the filing and service of the Second

Answer by Hogan Lovells.  As both of Plaintiff's claimed injuries have been accorded relief by

the Interim Order, Plaintiff's Motion to Strike must fail for mootness.

Although it need not address Plaintiff's arguments in light of the Interim Order, given

Plaintiff's *pro se* status and in the interest of bringing finality to this matter, the court will

proceed to evaluate Plaintiff's arguments.

### i.      *Obligation to Prove Authority to Represent Defendant*

7

Plaintiff's claim that the Baum Firm was obligated under Fed. R. Bankr. P. 9010(c) to demonstrate its authority to represent Defendant is misplaced.  Fed. R. Bankr. P. 9010 provides, in part:

> **(a) AUTHORITY TO ACT PERSONALLY OR BY ATTORNEY.**  A debtor, creditor . . . or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constricting the practice of law, by an authorized agent, attorney in fact, or proxy.
>
>    . . . .
>
> **(c) POWER OF ATTORNEY.**  The authority of any agent, attorney in fact, or proxy to represent a creditor for any purpose other than the execution and filing of a proof of claim or the acceptance or rejection of a plan shall be evidenced by a power of attorney conforming substantially to the appropriate Official Form.

Fed. R. Bankr. P. 9010(a), (c).

Fed. R. Bankr. P. 9010 sets forth Congress's intent to separate administrative and legal functions within the bankruptcy process.  More specifically, it sets forth that an attorney-in-fact, basically an authorized agent, may perform any act not constituting the practice of law.  A power of attorney is necessary only if the authorized agent performs an action other that the execution and filing of a proof of claim.  Fed. R. Bankr. P. 9010(c).  A power of attorney, however, is not required when an entity is appearing through an attorney authorized to practice law in the court in question.  *Wilson v. Valley Elec. Membership Corp.*, 141 B.R. 309, 312 (E.D.La. 1992).  An attorney is generally presumed to be duly authorized to appear in court on behalf of any client whom the attorney claims to represent and need not submit documentary evidence of his authority to act on behalf of the client.  *Id.* at 313.  Thus, the Baum Firm was not obligated to submit "evidence" as to its authority to act on behalf of Defendant.

8

### ii.    *"Substantial Relationship"*

Plaintiff's contention that the Baum Firm's representation of Defendant was unethical

lacks merit.  Plaintiff alleges that the Baum Firm had a "substantial relationship" with Wells

Fargo, hence, rendering the Baum Firm's representation of Defendant unethical.  An attorney

may be disqualified from representing a client in a particular case if

> "(1) the moving party is a former client of the adverse party's counsel;
>
> (2) there is a ***substantial relationship*** between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and
>
> (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client."

*Hempstead Video, Inc. v. Incorporated Vill. of Valley Stream*, 409 F.3d 127, 133 (2nd Cir. 2005)

(emphasis added) (quoting *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2nd Cir. 1983)).

While a substantial relationship between parties can be the basis for the disqualification

of an attorney, such is relevant *only* when the moving party was a client of the entity that it seeks

to disqualify.  Plaintiff cannot satisfy the elements of a substantial relationship claim because he

has never been a client of the Baum Firm.

## II.    **Motion for Default**

A motion for default judgment is governed by Fed. R. Civ. P. 55, made applicable here

by Fed. R. Bankr. P. 7055.  A default judgment may be entered by the court whenever the non-

moving party has failed to plead or otherwise defend in a timely fashion.  Fed. R. Bankr. P. 7055.

The court generally disfavors defaults, and its preference is for resolving matters on their merits.

### A.    ***Defendant Did Not Default***

Plaintiff's argument that the Defendant defaulted in answering the Complaint is not

supported by the record.  Hogan Lovells filed the Second Answer, on behalf of Defendant, on

9

September 11, 2009, and caused a copy to be delivered Plaintiff by overnight delivery service on

September 10, 2009.  Both the filing and service of the Second Answer were within the

September 14, 2010 deadline set by the Interim Order.[5]  Thus, there has been no default on the

part of Defendant in answering the Complaint.

> **B.      There are No "Special Circumstances" Warranting Entry of a Default Judgment**

Plaintiff contends that he has demonstrated "special circumstances" whereby entry of a

default is the only appropriate remedy.  Plaintiff does not reference any authority to support his

"special circumstances" argument or that elaborates upon the elements of those "special

circumstances."  Plaintiff merely asserts that the Second Answer should be stricken and a default

judgment awarded because Hogan Lovells had a legal obligation to have appeared earlier in the

proceeding, as they were aware of this matter in mid-August 2009.  Plaintiff asserts Hogan

Lovells made a willful decision to not appear until entry of the Interim Order.  There was no

reason for Hogan Lovells to appear earlier in the action as the Baum Firm initially appeared on

behalf of the Defendant and filed a timely answer.  The participation of Hogan Lovells as

Defendant's attorneys in this matter is perfectly proper and appropriate, and Plaintiff's

contentions to the contrary are specifically rejected.

## CONCLUSION

Based upon the foregoing, it is hereby

ORDERED, that Plaintiff's Motion to Strike is **DENIED**; and it is further

ORDERED, that Plaintiff's Motion for Default Judgment is **DENIED**; and it is further

ORDERED, that the parties shall appear for a pretrial conference on **January 13, 2011 at**

**10:00 a.m.**; and it is further

---

[5] "If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court."  Fed. R. Bankr. P. 7012(a).

ORDERED, that the Debtor's Motion to Continue the Automatic Stay Pending

Resolution of the Adversary Proceeding (No. 16) shall be restored to the court's **January 13,**

**2011 calendar at 10:00 a.m.**

/s/ Robert E. Littlefield, Jr.

Dated:  January  3, 2011

_____
Hon. Robert E. Littlefield, Jr.
Chief United States Bankruptcy Court Judge

11