REC'D & FILED

United States Bankruptcy Court
Northern District of New York

2011 FEB 15 PM 3: 09

K OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY

In re: Rudolph P Prisco, Plaintiff

Against

US BANK, NA as Trustee for MSTR Asset-Backed
Securities Trust 2005-AB1 as assignee
of Wells Fargo Bank, NA its successors and Assignees,
Defendant

Chapter 13

Case No: 07-13408
Adversary No: 09-90083

Hearing Date - 3/10/11
Time: 9:15 AM
Place: US Bankruptcy Court

**Motion To Declare Defendant as Default**

1. The Plaintiff brought the Instant Adversary action by filing a Summons and Complaint and the Defendant was served with such.

2. At a hearing held early on in the case it was determined by Court Order that the Defendant shall substitute council, amend its answer and that the Plaintiff could file "any" additional paperwork. The Plaintiff was assured he would have an opportunity to amend his complaint as he did on September 22, 2009.

3. Through various proceedings the Defendant failed to answer or respond or otherwise move with regards to the Amended Complaint.

4. At a recent pre-trial conference and after significant negotiations and in lieu of a Default Motion it was stipulated that the Defendant will be allowed to file an answer, respond or otherwise move with regards to the Amended Complaint and it was agreed that such response must be filed with the Court and the Plaintiff by 5:00pm on February 14, 2011. To make it easier for the Defendant to serve the Plaintiff the Plaintiff agreed to service by electronic mail.

5. The Court on the record cautioned the Defendant of the consequences of failing to

keep the agreement. The defendant acknowledged its understanding.

6. The agreement was for 5:00pm on February 14, 2011, not one minute after. This is a very serious matter and as the Plaintiff is learning fast that agreements and rules are in place for a reason and to allow this matter to continue would be contrary to such. Courts routinely refuse to accept filings when they are late no matter how little or short of a period of time, especially in light of a negotiated Stipulation.

7. The Defendant was well aware of the Seriousness of the matter and was well aware that the time frame was set at the Defendants insistence for a time certain and they failed to comply.

8. The Defendant is represented by a major international law firm, with significant staff and financial means, the Plaintiff is Pro Se and must rely on the literal meanings of any agreements made by all parties and sanctioned by the Court.

9. There was no advanced notification that the Defendant would miss its own timeframe which it insisted on having, there was no leave of the Court to extend the agreement beyond the time certain of 5:00pm February 14, 2011 a time which the defendant insisted it be given.

10. Therefore the Plaintiff respectfully requests this Court strike any alleged pleadings and defenses filed with the Court and provided to the Plaintiff that were not made in accordance with our strict agreement of 5:00pm of February 14, 2011 and issue a judgment of default against the Defendant in accordance with the agreement we all had agreed to.

11. The Plaintiff did contact the Defendant advised that the pleadings were late and that I intended to file a default motion the next morning. This was done to give Defendant an opportunity to justify. What the Plaintiff received in response was "I had trouble filing on the ECF system, as I am not familiar with it and my paralegal is out of the office with an emergency. As the two minutes surely did not prejudice you, I would appreciate your courtesies in accepting the filing so that we can proceed with this case."

12. The problem with that explanation is as stated this is a very large international law firm, certainly there would be other paralegals to assist or know how to work the computers and the other reason it is the Plaintiff's understanding that Attorneys are certified to use the ECF system after extensive training and based upon that her answer seems to be disingenuous and an excuse to justify not complying with the Court approved Stipulated Agreement which states by 5:00pm on February 14, 2011.

13. Certainly if Ms. Schaivo was having problem with the ECF system due to not being familiar, she is familiar with electronic mail and could and should have assured that at least the Plaintiff was served on time, this was not done.

14. Certainly Ms. Schaivo knew she was not familiar with the ECF System, she would have strived to make the filings before the deadline the Defendant insisted it be given at the very least call the Plaintiff and Court to advise of the situation, nothing was done along these lines.

The bottom line despite the Defendants insistence that it be given a specific date and time to respond and that the Defendants demands were met in the Stipulated agreement and despite this Courts reminder of the importance of keeping the agreement, waiting to the

end of the deadline and missing that deadline with knowledge of the paralegal being out in an emergency and her admitted unfamiliarity with the ECF system some affirmative steps should have been taken, there were none. Based upon this information and the Stipulated agreement terms being set clearly and unambiguously and set with all the terms the Defendant demanded a Judgment of Default is not only warranted it is mandated as is the striking of all pleadings and defenses. The Plaintiff requests the relief sought or other relief the Court believes is warranted or justified.

Respectfully Submitted this 15th day of February 2011 by

_____ 2/15/11
Rudolph P Prisco
Debtor Pro Se
19 Manchester Drive
Clifton Park, New York 12065
(518) 772-4510